598

[No. 35222. Department One. February 4, 1960.]

J. FRANK KESSLER, *as Guardian for Clara A. Kessler, Appellant,* v. LELAND W. KESSLER *et al., Respondents.*[1]

*Harvey Erickson* and *Frank R. Freeman,* for appellant.

*Minnick & Hahner,* for respondents.

OTT, J.—February 21, 1956, Clara A. Kessler, a widow aged seventy-nine, deeded to her son Leland W. Kessler and Isla Kessler, his wife, approximately thirteen acres of nonirrigated farm land, upon which her residence was located, "for and in consideration of Love and Affection and

[1]Reported in 349 P. (2d) 224.

for gifts to grantor in the past for her support in hand paid."

April 18, 1956, she executed a limited power of attorney to her son J. Frank Kessler, in which she granted to him the right "to examine, inspect and review any and all transactions made or entered into by me or in my behalf in the past."

June 19, 1956, at the instance and request of her attorney-in-fact, J. Frank Kessler, she commenced an action to set aside the deed to Leland and his wife, alleging that, at the time of the execution of the deed, she was suffering from a mental disturbance which incapacitated her from understanding any business transaction, and that her signature to the deed was obtained by "fraudulently taking advantage of Plaintiff's incapacity."

July 28, 1958, J. Frank Kessler was appointed guardian for his mother, and was substituted as plaintiff.

The cause was tried to the court. From a judgment of dismissal, the plaintiff has appealed.

Appellant contends that the court erred in its finding that Clara A. Kessler was competent and was not acting under duress or undue influence on February 21, 1956, the date the deed was executed. We find no merit in this contention. There was no evidence of undue influence. It would serve no needful purpose to detail the conflicting evidence relative to the alleged mental incapacity of Clara A. Kessler at the time the deed was executed. The testimony of the attorney who drew the instrument, together with that of her doctor and other witnesses, amply supports the court's finding.

█ Appellant assigns error to the admission of the testimony of the attorney who drew the deed, regarding statements made by Clara A. Kessler in his presence at the time the deed was executed, contending that they were privileged statements made by a client to her attorney and that the privilege was not waived. There is no merit in this assignment. The attorney performed his professional service at the instance and request of Leland W. Kessler and was paid by him. The relationship of attorney and client

was not shown to have existed between the witness and Clara A. Kessler.

■ Appellant next assigns error to the admission of the testimony of Leland W. Kessler relative to transactions with Clara A. Kessler, contending that such evidence is barred by RCW 5.60.030. We find no merit in this assignment. Assuming, without deciding, that this statute is applicable where a person sues or defends as guardian of the estate of a person who is *insane*, Clara A. Kessler, although adjudicated to be an incompetent person, was not shown to be an insane person; hence, the statute does not apply.

■ Finally, appellant contends that the transfer was made solely for the purpose of qualifying Clara A. Kessler for public assistance, in violation of RCW 74.08.330, 74.08-.335, and 74.08.338, and that to permit such a transfer of real property to stand is against *public policy*. We find no merit in this contention. The record shows that the state department of public assistance was apprised of the transfer and, on July 18, 1958, elected not to intervene but to permit the transfer and the department's prior approval to "continue to stand." The department is not a party to this proceeding. The decision in this case is not a bar to the department's right to challenge the transfer. It was not against public policy, under the facts of this case, for this competent and grateful mother to have executed a deed of gift to her son of her residence property.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.